Frank RUGGIERO, Plaintiff,

v.

COUNTY OF ORANGE, Sheriff H. Frank Bigger, Lieutenant Williams, Sergeant Weed, Sergeant Carreri, Officer Maiorino, and Officer Losavio, in their individual capacities, Defendants.

No. 03 CIV. 1396(SCR).

United States District Court, S.D. New York.

Aug. 2, 2005.

Stephen Bergstein, Thornton, Bergstein & Ullrich, LLP, Chester, NY, for Plaintiff.

Christina Sanabria, County Atty, County of Orange, Goshen, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

## I. Background

The County of Orange, Sheriff H. Frank Bigger, Lieutenant Williams, Sergeant Weed, Sergeant Carreri, Officer Maiorino, and Officer Losavio, in their individual capacities, (collectively referred to as the "Defendants") jointly have filed a motion to dismiss or, in the alternative, a motion for summary judgment contending that Frank Ruggiero (the "Plaintiff") failed to exhaust all administrative remedies available to him prior to commencing the instant action on February 28, 2003. The Plaintiff alleges civil rights violations by the Defendants at the Orange County Jail from August 2000 to May 2001. The Plaintiff's claims sound in violations of 42 U.S.C. § 1983. On February 28, 2003, it is undisputed that the Plaintiff was participating in a drug treatment program at the Willard Drug Treatment Campus ("Willard") in upstate New York. A more substantial rendition of the underlying facts in the case is unnecessary as the motion at hand centers on whether the Plaintiff must have exhausted his administrative remedies before commencing this suit.

## II. Standard of Review

Because the parties and this Court refer to materials outside of the pleadings and discovery is complete, the motion is decided under the summary judgment standard of review. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White*

*v. ABCO Engineering Corp.,* 221 F.3d 293, 300 (2d Cir.2000); FED. R. CIV. P. 56(c). The moving party must show the absence of any issues of material fact. *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997).

## III. Discussion

### A. Exhaustion of Administrative Remedies Requirement

Exhaustion of administrative remedies with respect to claims arising out of conditions of confinement is a mandatory condition precedent to § 1983 actions under 42 U.S.C. § 1997e. Section 1997e(a) states:

(a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The question presented is whether the Plaintiff was a "prisoner" under 42 U.S.C. § 1997e while at Willard. The term "prisoner" is defined in § 1997e(h) as:

(h) "Prisoner" defined. As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

N.Y. CORREC. LAW § 2(20) states: "Drug treatment campus means a facility operated by the department to provide a program of intensive drug treatment services for individuals sentenced to parole supervision sentences...or for certain parole violators." N.Y. Correc. Law § 70 adds that "[a]n institution operated by the department as a drug treatment campus,

as defined in subdivision twenty of section two of this chapter and used to provide intensive drug treatment services for parolees and certain parole violators, *shall not be deemed to be a correctional facility.*" (emphasis added) It is clear that, under New York law, Willard is not defined as a correctional facility.

If Willard is not a correctional facility, then was the Plaintiff a prisoner while he was housed there? The Defendants claim the Plaintiff was remanded to Willard for violating the conditions of his parole and was detained as a prisoner. The Plaintiff initially claimed he was at Willard as a condition of his parole but later conceded that he was at Willard for a violation of parole. According to the definition in § 1997e(h), a prisoner is any person sentenced for a violation of the terms of parole or sentenced to the facility as a condition of parole. As the Plaintiff was being held at Willard for a parole violation, there is no question that the Plaintiff is deemed a prisoner under § 1997e.

This Court is faced with seemingly contradictory conclusions—the Plaintiff is a prisoner according to federal statute but was not held at a jail, prison, or correctional facility according to state statute. However, upon closer examination, it is clear that a person may be held as a prisoner at a drug treatment campus. Such a facility may not be deemed to be a correctional facility but that does not preclude a person held at the drug treatment campus from being labeled as a prisoner. All parties agree that the Plaintiff was sentenced to the facility by a judge in a criminal proceeding. The parties also agree that the Plaintiff was not free to leave. In fact, leaving the facility without prior permission can lead to further violations of a person's parole or probation conditions and even remand to a correctional facility. Indeed, the Plaintiff in this action escaped from Willard. The Plaintiff subsequently

was charged under the New York State Penal Code and remanded to a correctional facility. Based on the foregoing, the Plaintiff is deemed to be a prisoner held at a drug treatment facility. Therefore, the Plaintiff as a prisoner was required to exhaust his administrative remedies under § 1997e.

**B. The Exhaustion Process**

Inmates in state custody may file grievances formally through the New York State Department of Correctional Services ("DOCS") Inmate Grievance Program, which consists of three levels:

> The first is the filing of a complaint with the facility's Grievance Review Committee. The second is an appeal to the facility superintendent. The final level is an appeal to the DOCS Central Office Review Committee in Albany. A prisoner has not exhausted his administrative remedies until he goes through all three levels of the grievance procedure.

*Hemphill v. New York,* 198 F.Supp.2d 546, 548 (S.D.N.Y.2002) (describing the procedure under N.Y. COMP. CODES R. & REGS. tit. 7, § 701.7) (citations omitted) (finding that merely sending a letter to prison superintendent cannot satisfy IGP). There is also a more informal, "expedited" grievance procedure for addressing harassment by DOCS staff, defined as "employee misconduct meant to annoy, intimidate, or harm an inmate." N.Y. COMP. CODES R. & REGS. tit. 7, § 701.11(a).

**C. Applicability of the Exhaustion Requirement**

In *Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir.2004), the Second Circuit instructed district courts to conduct a three-part inquiry in cases "where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administra-

tive remedies as required by the PLRA." Specifically, a district court should ascertain (1) whether administrative remedies were in fact "available" to the prisoner; (2) whether the defendants waived or are estopped from raising an affirmative defense of non-exhaustion because their own actions inhibited the prisoner from filing a proper grievance; and (3) whether there exist any alleged "special circumstances" that would excuse the prisoner's failure to exhaust. *Id.; see, e.g., Giano v. Goord,* 380 F.3d 670, 678 (2d Cir.2004) (holding that prisoner justifiably failed to file ordinary grievance when prisoner reasonably believed that Department of Corrections regulations foreclosed such recourse). The parties do not dispute the first consideration—that there were administrative remedies available to the Plaintiff.

■ Here, the Plaintiff makes an estoppel argument relating to the second consideration. He alleges he was not informed of the requirements while detained at Willard or at any correctional facility. Specifically, the Plaintiff alleges that despite various incarcerations at the Orange County jail, he was not issued an inmate handbook, which describes the grievance process, at any time. The Defendants, however, have produced several copies of the Plaintiff's Orange County Jail paperwork including a signed acknowledgment from the Plaintiff that he received the inmate handbook. While the Plaintiff concedes the documents do bear his signature, he counters that he signed the receipt upon release and never received the handbook. Thus, the Plaintiff claims the Defendants should be estopped from raising the affirmative defense of failure to exhaust. By conceding that he did provide a signed acknowledgment for receipt of the inmate handbook but allegedly never received it, the Plaintiff attempts to evade the requirements of exhaustion with a frivolous argument. This Court refuses to undermine Congress' intention by creating a loophole for the Plaintiff.

■ The Plaintiff also argues that he apprised Sheriff's investigators of the alleged civil rights violations perpetrated by the defendant officers. The Plaintiff contends that by notifying the investigators, he thought he was following the proper procedures. This Court also finds this argument to be without merit. The Defendants have shown clear evidence that the Plaintiff did receive the inmate handbook and, therefore, should have been aware of the proper avenue for pursuing a grievance. Finally, the Plaintiff offers no special circumstances that would excuse his failure to exhaust.

Finding that the Defendants are not estopped from raising an affirmative defense of exhaustion, this Court applies the exhaustion requirements to the Plaintiff. Because the Plaintiff failed to follow the grievance process, this Court must conclude that the Plaintiff has not exhausted his administrative remedies prior to filing his complaint.

## IV. Conclusion

The Plaintiff has been deemed a prisoner under 1997(e) and is subject to its administrative remedy exhaustion requirement. The evidence presented demonstrates that the Plaintiff was aware of his duty to exhaust his administrative remedies and that he failed to exhaust. Accordingly, the Defendants' motion for summary judgment is GRANTED in its entirety.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.